(10 Misc. Rep. 760.)

### SHAW v. MANSFIELD.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

CONTRACTS—PROOF OF AGREEMENT.

    On an issue as to whether a contract had been entered into between plaintiff and defendant, it appeared that after they had had two interviews defendant sent a written contract to plaintiff for her to sign, but recalled it before she had signed it. Plaintiff's testimony that a contract was entered into at their second interview was denied by defendant. The writing contained many conditions which were not discussed by the parties. *Held*, that a finding in plaintiff's favor was not sustained by the evidence.

Appeal from Eighth district court.

Action by Mary G. Shaw against Richard Mansfield for breach of a contract of employment. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

A. W. Gleason, for appellant.

Hirch & Rasquin, for respondent.

BOOKSTAVER, J. This is an action for breach of a contract of employment. After two conversations between the parties, a written contract was submitted by defendant's manager to plaintiff, which was recalled by him before it had been signed by either party. Plaintiff's claim rests upon the ground that defendant employed her at their second interview, and the justice found in her favor. In this we think he erred. The weight of the evidence seems to be in favor of the contention that at these interviews negotiations for a contract only were had; any agreement arrived at was to be reduced to writing. Plaintiff testified that at defendant's request she called upon him about the middle of July, 1884, at Newport, and had some conversation with him about entering his theatrical company, but no terms were engaged upon. In August she again called upon him,

at his request, at the Herald Square Theater. At this interview, defendant proposed to give her $100 a week for New York, and $115 per week for the road, to play a part in "Prince Karl." Whether or not she accepted these terms at that time is disputed. Defendant asked her to come and try the part. She did so, and rehearsed that day. The next morning she called at the theater, and was told that there was no rehearsal that day. Mr. Slocum, defendant's manager, handed her the written contracts, saying: "Here are the contracts. I would like to have them fixed to-day.". From these it appeared that she was to engage for a period of 30 weeks at $100 per week. There was no stipulation in regard to the road. She explained the proposition defendant had made, and Mr. Slocum drew up new contracts embodying this change, and sent them by mail to her the same day (a Wednesday), at the address she had given him. For some unexplained reason, plaintiff did not receive the contracts until Friday, and Monday she received a letter from Mr. Slocum, stating:

"As you have not signed the contracts, we conclude you object to signing them. Therefore, we have secured another actress for your part. We regret this very much, as we hoped to have you with us. We may have the pleasure some other time. Will you kindly send back the part you have in Prince Karl."

Defendant testified that plaintiff did not accept the propositions made by him at the interview in August, but said she would consider them. He asked her to rehearse, that he might judge of her capacity to fill the part. A reference to the written contract shows that many of the conditions therein were not discussed by the parties, such as the provision for discharge for incompetency, etc., and for cancellation of the contract by either party, on two weeks' notice, at any time. Plaintiff's assenting to the defendant's proposition to submit a written contract, thereafter to be executed, is evidence tending to show that the parties had only arranged the terms which it was understood by them were to be inserted in the regular written contract, which is usual in such cases. We therefore think that the weight of the evidence is with the defendant's contention, that no contract ever existed between the parties. Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.